UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAZEL CREDLE as Administratrix of the Estate of Frankie Elijah Credle, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA and SCIENCE SYSTEMS AND APPLICATIONS, INC.,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-1667<br>        (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

FRIEDMAN & JAMES, LLP
Andrew V. Buchsbaum
Bernard Friedman
200 Craig Road
Manalapan, NJ 07726
    and
TRAUTMANN & ASSOCIATES, LLC
Gregg D. Trautmann
262 East Main Street
Rockaway, NJ 07866
    Counsel for Plaintiffs

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
Jill Dahlman Rosa
PO Box 14721
Washington, DC 2044
    and
U.S. DEPARTMENT OF JUSTICE
Sarah Susan Keast
1425 New York Avenue NW
Suite 10100
Washington, DC 20009
    Counsel for Defendant United States of America

CROWELL & MORING LLP

1

Mark Sigmund Lichtenstein
590 Madison Avenue
20th Floor
New York, NY 10022
    Counsel for Defendant Science Systems and Applications, Inc.

**IRENAS**, Senior District Judge:

Presently before the Court is Defendant Science Systems and Applications, Inc.'s ("Science") Motion to Dismiss for lack of personal jurisdiction and failure to state a claim.[1] (Dkt. No. 21) For the following reasons, the Court will deny the Motion to Dismiss for lack of personal jurisdiction, dismiss the Motion to Dismiss for failure to state a claim and transfer the case to the District of Maryland.

**I.**

Plaintiffs are administratrices of four deceased crew members of the F/V Lady Mary who perished when the vessel sunk off the coast of Cape May, New Jersey on March 24, 2009. The vessel was equipped with a 406-MHz emergency position-indicating radio beacon ("Beacon"), which is a tracking transmitter that aids in the detection of distressed ships. (Compl. ¶ 18)

Each Beacon is assigned a personalized fifteen character hex-ID, which aids in locating and contacting the vessel. (*Id.* at ¶ 20) Once activated, the Beacon sends a signal that is

---

[1] Plaintiffs have invoked this Court's admiralty jurisdiction. *See* 28 U.S.C. § 1333; Fed.R.Civ.P. 9(h)(1).

detected by satellites. The National Oceanic and Atmospheric Administration ("NOAA") monitors these signals and alerts the United States Coast Guard of ships in need of emergency assistance. (*Id.* at ¶ 21)

NOAA contracted with Science to register and enter each Beacon's hex-ID into NOAA's database. (*Id.*) Plaintiffs allege that in January 2007, one of Science's clerks entered the F/V Lady Mary Beacon's hex-ID incorrectly. (*Id.* at ¶ 22) As a result, on the day the vessel began to sink, the computer could not immediately identify the location of the F/V Lady Mary to send emergency assistance. (*Id.* at ¶ 23)

To locate the F/V Lady Mary, the NOAA had to wait for a low-earth orbiting satellite to pass over the vessel. (*Id.* at ¶ 24) This delay caused the Coast Guard to receive the emergency assistance request eighty-seven minutes later than if the technology had operated correctly. (*Id.* at ¶ 25) By the time the Coast Guard arrived, two crew members were still alive, only one of whom survived. (*Id.*)

Plaintiffs allege causes of action for negligence, breach of contract and wrongful death. (*See* Compl. Counts I-V) Defendant Science moves this Court to dismiss pursuant to 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. (*See* Dkt. No. 21)

3

**II.**

Plaintiff bears the burden of presenting evidence establishing a prima facie case of personal jurisdiction over each defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 94 (3d Cir. 2004). "'[P]laintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits and competent evidence. . . At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.'" *Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) (quoting *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990)). In the absence of an evidentiary hearing, only a prima facie showing is required and plaintiff is "entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F. 3d at 97.

The framework for analyzing jurisdiction over the parties is well-known. A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law. *See* Fed. R. Civ. P. 4(e). New Jersey courts may exercise personal jurisdiction to the extent permitted by the United States Constitution. *Miller Yacht Sales*, 384 F. 3d at 96.

Due process requires that each defendant have "minimum

contacts" with the forum state (in this case New Jersey) and that the Court's exercise of jurisdiction over the parties comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Asahi Metal Indust. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Within this framework, personal jurisdiction may be examined under two distinct theories: general and specific jurisdiction. *See Remick v. Manfredy*, 238 F. 3d 248, 255 (3d Cir. 2001). "General jurisdiction is based upon the defendant's continuous and systematic contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Id.* at 255 (citations omitted). "A 'relationship among the defendant, the forum, and the litigation' is the essential foundation" of specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer*

5

*v. Heitner*, 433 U.S. 186, 204 (1977)).

If it is determined that a defendant has purposefully established minimum contacts with the forum state, then it remains to be determined if exercise of specific jurisdiction would be reasonable and "comport with notions of fair play and substantial justice." *Asahi Metal*, 480 U.S. at 113. This determination requires evaluation of several factors, including the burden on the defendant, the interest of the forum state in resolving the dispute, and the plaintiff's interest in obtaining relief. *Id.*

### A.

First, Plaintiffs raise a waiver argument. Unlike subject matter jurisdiction, a defendant can waive the right to challenge personal jurisdiction. *See* Fed.R.Civ.P. 12(h). Although Science has abided by the text of the Fed.R.Civ.P. 12(h), Plaintiffs argue that the Court should nonetheless deem Science to have waived the personal jurisdiction defense. Plaintiffs rely primarily on *Bel-ray Co. v. Chermrite Ltd.*, 181 F.3d 435 (3d Cir. 1999). There, Defendants asked for affirmative relief before raising personal jurisdiction defenses. *See id.* at 443-44. That case, however, does not resemble this case.

Here, Science was served on June 6, 2011. (*See* Dkt. No. 5) On August 12, 2011, Science filed the instant Motion to Dismiss

having only previously filed motions to appear *pro hac vice* (Dkt. Nos. 18-20) and request time extensions to plead. (Dkt. Nos. 4 & 10)  These administrative motions differ significantly from the affirmative relief defendants sought in *Bel-ray*. Defendants cannot be deemed to have waived their right to challenge personal jurisdiction in this case.

### B.

General jurisdiction requires continuous and systematic contacts with the State of New Jersey. Defendant's contacts fall well short of this standard. Science is not incorporated or licensed to do business in New Jersey. Nor does Science have a place of business in New Jersey. Science does not manufacture or sell the Beacons or otherwise distribute a product in New Jersey. Indeed, from the investigation testimony of Daniel Karlson of NOAA, it appears that NOAA initiates all contact with Beacon owners for the purposes of registration. (*See* Pls.' Decl. Ex. 2, 788:18-20, Dkt. No. 26) Although Science may receive information from registrants, NOAA sends correspondence including requests for registration and compliance decals into New Jersey. (*Id.*) In this regard, Science appears to merely do data entry. Science cannot be said to have continuous and systematic contact with New Jersey.

Nonetheless, Plaintiffs argue that Science's contractual

7

relationship with NOAA, a federal government entity, should transfer NOAA's contacts with New Jersey to Science. However, this argument was specifically rejected in *Calder v. Jones*. 465 U.S. U.S. 783, 790 (1984) (holding that a person's contacts "are not to be judged according to their employer's activities there . . . . Each defendant's contacts with the forum State must be assessed individually."). Accordingly, this Court does not have general jurisdiction over Science.

### C.

The Court now turns to specific jurisdiction. In *O'Connor v. Sandy Lane Hotel Co., Ltd*, the Third Circuit set out the three-step framework for analyzing specific jurisdiction: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. 496 F.3d 312, 317 (3d Cir. 2007).

Here, Plaintiffs have not established the first element - that defendant purposefully directed its activities at New Jersey. Plaintiffs argue that "[b]y contracting to perform full operational monitoring and maintenance of every registered beacon in the United States, [Science] deliberately chose to profit from the government's interaction with citizen of New Jersey." (Pls.'

8

Br. 19, Dkt. No. 25)  However, the personal jurisdiction analysis does not operate under theories of agency.  The contacts of NOAA cannot be imputed to Science.  Accordingly, this Court does not have specific personal jurisdiction over Science.[2]

### III.

The final issue to consider is whether to transfer this case to the District of Maryland as Plaintiffs suggest or to dismiss this case with prejudice as Science urges.[3]  "In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406.  Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.  Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

Most civil actions claims in federal court are governed by 28 U.S.C. § 1391.  However, "[a]n admiralty or maritime claim under Fed.R.Civ.P. 9(h) is not a civil action for the purposes of 28 U.S.C. §§ 1391-1392."  Fed.R.Civ.P. 82.  Instead, venue lies

---

[2] Having determined that this Court lacks personal jurisdiction over Defendant Science, the Court cannot decide Science's Motion to Dismiss for failure to state a claim.

[3] Plaintiffs have not filed an official motion to transfer.  Rather, almost as an afterthought, they ask to be transferred should they lose the personal jurisdiction argument.

wherever a district court has personal jurisdiction over the defendant.  *See Sunbelt Corp. v. Noble, Denton & Asociates, Inc.*, 5 F.3d 28, 31 n.5 (3d Cir. 1993).  If the court lacks personal jurisdiction then venue is also improper.

Here, the Court lacks personal jurisdiction over Science so venue is improper.  Therefore, the provisions of § 1406(a) apply to this case.  Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The interests of justice favor resolving disputes on the merits.  Plaintiffs allege that Science's negligence caused the death of several crew members.  These serious claims should not be dismissed with prejudice merely because Plaintiffs erroneously believed that Science had sufficient contacts with New Jersey.  Moreover, should this Court refuse to transfer the case, Plaintiffs would have to litigate against Science in the District of Maryland and against the United States in this Court, assuming the statute of limitations would not bar Plaintiffs' claims altogether.  The interests of justice would not be furthered by such a result.  Moreover, the parties agree that if this case is to be transferred, then venue properly lies in the District of Maryland.  Accordingly, the Court will transfer this case

10

pursuant to 28 U.S.C. § 1406(a) to the District of Maryland.

**IV.**

For the foregoing reasons, Defendant Science's Motion to Dismiss under 12(b)(2) will be denied and the Motion to Dismiss under 12(b)(6) will be dismissed.  Pursuant to 28 U.S.C. § 1406(a), the Court will transfer this case to the District of Maryland.  An appropriate Order will accompany this Opinion.

Date: 12/14/11

                                                         /s/ Joseph E. Irenas

                                            **JOSEPH E. IRENAS, S.U.S.D.J.**